# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| | |
| HAMON HOLDINGS CORPORATION, | Chapter 11 |
| | |
| Debtor. | Case No. 22-10375 (JTD) |
| Tax I.D. No. 4440 | |

| | |
|---|---|
| In re: | |
| | |
| HAMON CORPORATION, | Chapter 11 |
| | |
| Debtor. | Case No. 22-10376 (JTD) |
| Tax I.D. No. 0774 | |

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| HAMON CUSTODIS, INC., | Case No. 22-10377 (JTD) |
| | |
| Debtor. | |
| Tax I.D. No. 5109 | |

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| HAMON DELTAK, INC., | Case No. 22-10378 (JTD) |
| | |
| Debtor. | |
| Tax I.D. No. 2153 | |

| | |
|---|---|
| In re | Chapter 11 |
| | |
| HAMON RESEARCH-COTTRELL INC., | Case No. 22-10379 (JTD) |
| | |
| Debtor. | |
| Tax I.D. No. 5111 | |

| | |
|---|---|
| In re: | |
| | |
| RESEARCH-COTTRELL COOLING INC., | Chapter 11 |
| | |
| Debtor. | Case No. 22-10380 (JTD) |
| Tax I.D. No. 2385 | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES

Hamon Holdings Corporation ("HHC") and its above-captioned affiliated debtors and debtors-in-possession (the "Debtors"), by and through their undersigned proposed counsel, hereby file this motion (the "Motion"), pursuant to section 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1015-1 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), directing the joint administration of the above-captioned chapter 11 cases (these "Chapter 11 Cases"). In support of the Motion, the Debtors rely on and incorporate by reference: (i) the *Declaration of Joseph J. DeMartino in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "DeMartino Declaration"); and (ii) the *Declaration of Scott Bryant in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "Bryant Declaration," and collectively with the DeMartino Declaration, the "First Day Declarations"),[1] and respectfully represent as follows:

### Jurisdiction and Venue

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the First Day Declarations.

3.      The bases for the relief requested herein are sections 105(a) and 342 of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m).

4.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Background

5.      On April 24, 2022 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee of examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

6.      The reasons for the Debtors' commencing the Chapter 11 Cases, information relating to the Debtors' business operations and the facts and circumstances supporting this Motion are set forth in the First Day Declarations, filed contemporaneously herewith.

## Relief Requested

7.      By this Motion, the Debtors respectfully request the entry of the Proposed Order pursuant to Section 342(c)(1) of the Bankruptcy Code, Bankruptcy Rule 1015, and Local Rules 1015-1 and 9013-1(m), substantially in the form of the Proposed Order, authorizing the consolidation and joint administration of the Debtors' Chapter 11 Cases for procedural purposes only and directing parties in interest to use a consolidated caption indicating that any pleadings filed related to the jointly administered bankruptcy cases of "Hamon Holdings Corporation, *et al.*" Specifically, the Debtors request that the Court maintain one file and one docket for all of these

Chapter 11 Cases, and that these Chapter 11 Cases be administered under the following

consolidated caption (the "Consolidated Caption"):

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| HAMON HOLDINGS CORPORATION, *et al.*,[1.] | Case No. 22-10375 (JTD) |
| Debtors. | (Joint Administration Requested) |

[1.] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Hamon Holdings Corporation (4440); Hamon Corporation (0774); Hamon Custodis Inc. (5109); Hamon Deltak Inc. (2153); Hamon Research-Cottrell Inc. (5111); and Research-Cottrell Cooling Inc. (2385). The Debtors' mailing address is 46 E. Main Street Suite 301 (P. O. Box 1500) Somerville, NJ 08876.

8.      The Debtors also request that the Court make separate docket entries in each of the

Debtors' Chapter 11 Cases (except that of HHC), substantially similar to the following:

> An order has been entered in this case consolidating this case with
> the case of Hamon Holdings Corporation (Case No. 22-10375) for
> procedural purposes only and providing for its joint administration
> in accordance with the terms thereof. The docket in Case No. 22-
> 10375 should be consulted for all matters affecting this case.  All
> further pleadings and other papers in such cases shall be filed in, and
> all further docket entries shall be made in Hamon Holdings
> Corporation (Case No. 22-10375).

**Basis for Relief**

9.      Bankruptcy Rule 1015(b)(4) provides that, if two or more petitions are pending in

the same court by or against a debtor and an affiliate, "the court may order a joint administration

of the estates." Fed. R. Bank. P. 1015(b). The Debtors in these Chapter 11 Cases are "affiliates"

as that term is defined in Section 101(2) of the Bankruptcy Code:

> The term "affiliate" means—
>
> (A)      entity that directly or indirectly owns, controls, or holds with
> power to vote, 20 percent or more of the outstanding voting
> securities of the debtor . . .

(B)    corporation 20 percent or more of whose outstanding securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . .

(C)    person whose business is operated under a lease or operating agreement by a debtor, or person substantially of whose property is operated under an operating agreement with the debtor; or

(D)    entity that operates the business or substantially of all of the property of the debtor under a lease or operating agreement.

10.    Moreover, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

11.    In addition, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 11 Cases:

An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bank. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties . . .

12.    The relief requested in this Motion is generally non-controversial and commonly granted by this Court. *See, e.g.*, *In re Hospitality Investors Trust, Inc.*, Case No. 21-10831 (CTG) (Bankr. D. Del. May 20, 2021) (order directing joint administration of chapter 11 cases); *In re Nine Point Energy Holdings, Inc.*, Case No. 21-10570 (MFW) (Bankr. D. Del. Mar. 17, 2021)

(same); *In re Hertz Corp.*, Case No. 20-11218 (MFW) (Bankr. D. Del. May 27, 2020) (same); *In re Insys Therapeutics, Inc.*, Case No. 19-11292 (KG) (Bankr. D. Del. June 11, 2019) (same).[2]

13.     Joint administration of the Debtors' Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. In particular, joint administration of the Debtors' cases will eliminate the need for duplicate pleadings, notices, and orders in each of the respective dockets and will save the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents.

14.     Moreover, joint administration of these Chapter 11 Cases will not adversely affect the Debtors respective constituencies because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates.  Instead, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases.

15.     For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties in interest and should be granted. No previous request for the relief sought herein has been made to this or any other court.

### Notice

16.     The Notice of this Motion shall be given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' 20 largest unsecured creditors on a

---

[2] The referenced orders are voluminous in nature and, therefore, are not attached to this Motion; however, in accordance with Local Rule 7007-2, as made applicable to main cases by the Court's General Chambers Procedures, the Debtors' proposed counsel has copies of each order and will make them available to the Court or to any party that requests them. Additionally, the Orders are available on the Court's CM/ECF PACER site at the cited docket index numbers and on the dates specified above

DM3\8663520.2

consolidated basis; (iii) KBC Commercial Finance NV; (iv) the United States Attorney for the District of Delaware; (v) the Internal Revenue Service; (vi) the United States Securities and Exchange Commission; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion seeks "first day" relief, notice of this Motion and any order entered in connection with the Motion will be served on all parties required by Local Rule 9013-1(m). Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

**No Prior Request**

17.    No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and equitable.

Dated: April 25, 2022
       Wilmington, Delaware

DUANE MORRIS LLP

*/s/ Jarret P. Hitchings*
Christopher M. Winter (DE 4163)
Jarret P. Hitchings (DE 5564)
1201 N. Market Street, Suite 501
Wilmington, DE  19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
cmwinter@duanemorris.com
jphitchings@duanemorris.com

*Proposed Counsel to Debtors-in-Possession*

DM3\8663520.2