**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| HAMON HOLDINGS CORPORATION, *et al.*,[1] | Case No. 22-10375 (JTD) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE (I) A CONSOLIDATED CREDITOR MATRIX, AND (II) A CONSOLIDATED LIST OF THE DEBTORS' 30 LARGEST UNSECURED CREDITORS**

Hamon Holdings Corporation ("HHC") and its above-captioned affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through their proposed undersigned counsel, file this motion (this "Motion") pursuant to sections 107, 342, and 521(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 1007(a)(1), 1007(d), 2002(a) and (f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") authorizing the Debtors to file (i) a consolidated list of creditors (the "Creditor Matrix"), and (ii) a consolidated list of the Debtors' 30 largest unsecured creditors. In support of this Motion, the Debtors rely on and incorporate by reference the First Day Declarations[2] (defined below) and respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Hamon Holdings Corporation (4440); Hamon Corporation (0774); Hamon Custodis Inc. (5109); Hamon Deltak Inc. (2153); Hamon Research-Cottrell Inc. (5111); and Research-Cottrell Cooling Inc. (2385). The Debtors' mailing address is 46 E. Main Street Suite 301 (P. O. Box 1500) Somerville, NJ 08876.

[2] Capitalized terms not otherwise defined herein are intended to have the meaning set forth in the First Day Declarations.

## Jurisdiction and Venue

1.  This Court has jurisdiction over this case, the Debtors, property of their respective estates, and this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2.  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware ("Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief requested in this Motion are sections 107, 342, and 521(a) of the Bankruptcy Code and Bankruptcy Rules 1007(a)(1), 1007(d), 2002(a) and (f).

## Background

5.  On April 24, 2022 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

6.  A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in: (i) the *Declaration of Joseph J. DeMartino in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "DeMartino Declaration"); and (ii) the *Declaration of Scott Bryant in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "Bryant

Declaration," and collectively with the DeMartino Declaration, the "First Day Declarations") filed contemporaneously herewith and incorporated by reference herein

**Relief Requested**

7.   By this Motion, the Debtors respectfully request the entry of the Proposed Order authorizing the Debtors to file (i) a single consolidated Creditor Matrix in lieu of submitting a separate creditor list for each Debtor, and (ii) a consolidated list of the Debtors' 30 largest unsecured creditors

**Consolidated List of Creditors**

8.   Pursuant to section 521(a)(1)(A) of the Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1007-2, each chapter 11 debtor must file with its voluntary petition a creditor matrix setting forth the names, addresses and claim amounts of the debtor's creditors. The creditor matrix is used primarily by the Office of the United States Trustee (the "US Trustee") to evaluate the types and amounts of unsecured claims against a debtor and thereby identify potential candidates to serve on any official committee of unsecured creditors appointed in the debtor's chapter 11 case. *See* 9 Collier on Bankruptcy ¶ 1007.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (stating that "the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed").

9.   Given the affiliated nature of the Debtors, the Debtors submit that permitting them to maintain a single consolidated Creditor Matrix, in lieu of filing a separate creditor matrix for each Debtor, is warranted. Many creditors are creditors of more than one debtor, and thus the failure to maintain a single consolidated Creditor Matrix would likely result in duplicate mailings. In addition, filing a single consolidated Creditor Matrix would facilitate the US Trustee's review of creditors' claims and its appointment of a single creditors' committee in these cases. Under

these circumstances, the exercise of satisfying the literal requirements of Bankruptcy Rule 1007(d) would only serve to frustrate its intended purpose.

10. Moreover, courts in this jurisdiction have granted relief similar to the relief requested by the Motion. *See, e.g.*, *In re Nine Point Energy Holdings, Inc.*, Case No. 21-10570 (MFW) (Bankr. D. Del. Apr. 6, 2021); *In re MobiTV, Inc.*, Case No. 21-10457 (LSS) (Bankr. D. Del. Mar. 2, 2021); *In re API Americas, Inc.*, Case No. 20-10239 (CSS) (Bankr. D. Del. Feb. 4, 2020); *In re Cloud Peak Energy, Inc.*, 19-11047 (KG) (Bankr. D. Del. May 14, 2019); *In re Imerys Talc America, Inc.*, Case No. 19-10289 (LSS) (Bankr. D. Del. Mar. 19, 2019).[3]

11. For the foregoing reasons, in the absence of any corresponding benefit, the Debtors respectfully request authority to file a consolidated Creditor Matrix in lieu of filing separate lists for each Debtor. The Debtors believe that such relief is appropriate under the circumstances for the efficient and orderly administration of these cases.

## Consolidated List of Top 30 Creditors

12. Bankruptcy Rule 1007(d) states that a debtor "shall file with the petition a list containing the name, address and claim of the creditors that hold the 30 largest unsecured claims, excluding insiders . . . ." In the present case, the Debtors respectfully request authority to file a single consolidated list of their 30 largest general unsecured creditors (the "Top 30 List"). As explained above, a large number of creditors are shared between the Debtors. Therefore, the Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.

---

[3] The referenced orders are voluminous in nature and, therefore, are not attached to this Motion; however, in accordance with Local Rule 7007-2, as made applicable to main cases by the Court's General Chambers Procedures, the Debtors' proposed counsel has copies of each order and will make them available to the Court or to any party that requests them. Additionally, the Orders are available on the Court's CM/ECF PACER site at the cited docket index numbers and on the dates specified above

DM3\8663521.2

13. Courts in this district have frequently approved similar relief to the relief requested herein. *See, e.g., In re Nine Point Energy Holdings, Inc.*, Case No. 21-10570 (MFW) (Bankr. D. Del. Apr. 6, 2021) (authorizing consolidated list of top 30 creditors); *In re MobiTV, Inc.*, Case No. 21-10457 (LSS) (Bankr. D. Del. Mar. 2, 2021) (same); *In re API Americas, Inc.*, Case No. 20-10239 (CSS) (Bankr. D. Del. Feb. 4, 2020) (authorizing consolidated list of top 30 creditors); *In re Cloud Peak Energy, Inc.*, 19-11047 (KG) (Bankr. D. Del. May 14, 2019) (authorizing consolidated list of top 50 creditors)).

**Notice**

14. The Notice of this Motion shall be given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' 30 largest unsecured creditors on a consolidated basis; (iii) KBC Commercial Finance NV; (iv) the United States Attorney for the District of Delaware; (v) the Internal Revenue Service; (vi) the United States Securities and Exchange Commission; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion seeks "first day" relief, notice of this Motion and any order entered in connection with the Motion will be served on all parties required by Local Rule 9013-1(m). Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

**No Prior Request**

15. No previous request for the relief sought herein has been made to this Court or any other court.

[*Remainder of Page Intentionally Left Blank*]

## Conclusion

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: April 25, 2022<br>Wilmington, Delaware | DUANE MORRIS LLP<br><br>*/s/ Jarret P. Hitchings*<br>Christopher M. Winter (DE 4163)<br>Jarret P. Hitchings (DE 5564)<br>1201 N. Market Street, Suite 501<br>Wilmington, DE 19801<br>Telephone: (302) 657-4900<br>Facsimile: (302) 657-4901<br>cmwinter@duanemorris.com<br>jphitchings@duanemorris.com<br><br>*Proposed Counsel to Debtors-in-Possession* |