**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>HAMON HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10375 (JTD)<br><br>(Jointly Administered)<br><br>**Related Dkt. No. 392** |

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER AUTHORIZING
AND APPROVING EXPEDITED PROCEDURES FOR THE SALE
OR ABANDONMENT OF *DE MINIMIS* ASSETS**

Upon the motion (the "Motion")[2] of Hamon Corporation, Hamon Deltak, Inc., Hamon Custodis, Inc., Research-Cottrell Cooling, Inc., and HRC Wind Down, Inc. f/k/a Hamon Research-Cottrell, Inc. (the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 363(b, f, m) and 554(a) of the Bankruptcy Code; Bankruptcy Rules 2002, 6004, and 6007; and Local Rule 6004-1, authorizing the Debtors sell or abandon De Minimis Assets and approving expedited procedures to effectuate such sale or abandonment; and upon the Recio Declaration; and this Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and the Court having found that consideration of the Application and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Hamon Holdings Corporation (4440); Hamon Corporation (0774); Hamon Custodis Inc. (5109); Hamon Deltak Inc. (2153); HRC Wind Down, Inc. (f/k/a Hamon Research-Cottrell Inc.) (5111); and Research-Cottrell Cooling Inc. (2385). The Debtors' mailing address is 46 E. Main Street Suite 301 (P. O. Box 1500) Somerville, NJ 08876.

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Application and opportunity for hearing were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Application and the evidence in support thereof having considered statements in support of the Application at a hearing held before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted, subject to the terms set forth herein.

2. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to sell or transfer De Minimis Assets without further order of the Court in accordance with the following De Minimis Asset Sale Procedures:

   a. For De Minimis Assets to be sold for $75,000 or less in any individual transaction or series of related transactions to a single buyer or group of related buyers other than an insider, as defined by section 101(31) of the Bankruptcy Code ("Insider"):

      i. Subject to complying with the procedures set forth below, the Debtors are authorized to consummate such sale if the Debtors determine in their reasonable business judgment that such sale is in the best interests of their estates without further Court order. The Debtors are further authorized to take any actions that are reasonable and necessary to close such sale, obtain the sale proceeds, and pay any necessary fees and expenses incurred in connection therewith, including paying all reasonable commissions and fees to third-party sale agents, brokers, appraisers, or auctioneers (each, a "Sale Professional") in connection with such sale.

      ii. Such De Minimis Assets shall be free and clear of Liens upon their sale, with any Liens formerly attached to such De Minimis Assets attaching to their sale proceeds with the same extent, validity, and priority they had immediately before the sale.

    iii.    Good-faith purchasers of such De Minimis Assets are entitled to the protections of 11 U.S.C. § 363(m).

    iv.    The Debtors shall serve written notice of the sale (the "Sale Notice") on (a) the U.S. Trustee; (b) any known creditors asserting a Lien on such De Minimis Assets; (c) counsel for the Creditors Committee; and (d) any party that has expressed interest in purchasing such De Minimis Assets since the Petition Date (together, the "Notice Parties"). Such service shall be by email, fax, or overnight mail.

    v.    The Sale Notice shall identify (a) the De Minimis Assets proposed to be sold and location of same; (b) the proposed purchaser and whether an insider; (c) the proposed purchase price; (d) the significant terms of any sale agreement[3]; (e) any marketing efforts relating to the sale of such De Minimis Assets; and (f) any compensation to be paid to a Sale Professional in connection with such sale, the identity of the Sale Professional and a statement regarding the disinterestedness of the Sale Professional.

    vi.    To the extent the Debtor receives no written objection from any Notice Party within five business days from the date of service of the Sale Notice, the Debtor is authorized to consummate such sale.

    vii.    To the extent the Debtor timely receives a written objection from a Notice Party that cannot be consensually resolved, it shall not sell the subject De Minimis Assets without further Court order after notice and hearing unless such objection is withdrawn.

b.    For De Minimis Assets to be sold (a) for greater than $75,000 and up to $150,000 in any individual transaction or series of related transactions to a single buyer or group of related buyers or (b) in any individual transaction or series of related transactions to an Insider for $150,000 or less:

    i.    Subject to complying with the procedures set forth below, the Debtors are authorized to consummate such sales if the Debtors determine in their reasonable business judgment that such sale is in the best interests of its estate without further Court order. The Debtors are further authorized to take any actions that are reasonable and necessary to close such sale, obtain the sale proceeds, and pay any necessary fees and expenses incurred in connection therewith, including paying all reasonable commissions and fees to Sale Professional in connection with such sale.

---

[3] This information may be provided in summary form or by attaching the applicable agreement to the Sale Notice.

  ii. Such De Minimis Assets shall be free and clear of Liens upon their sale, with any Liens formerly attached to such De Minimis Assets attaching to their sale proceeds with the same extent, validity, and priority they had immediately before the sale.

  iii. Good-faith purchasers of such De Minimis Assets are entitled to the protections of 11 U.S.C. § 363(m).

  iv. The Debtors shall file with the Court and serve the Sale Notice on the Sale Parties and all parties requesting notice pursuant to Fed. R. Bankr. P. 2002. Such service shall be by email, fax, or overnight mail.

  v. The Sale Notice shall identify (a) the De Minimis Assets proposed to be sold and location of same; (b) the proposed purchaser and whether an insider; (c) the proposed purchase price; (d) the significant terms of any sale agreement[4]; (e) any marketing efforts relating to the sale of such De Minimis Assets; and (f) any compensation to be paid to a Sale Professional in connection with such sale, the identity of the Sale Professional and a statement regarding the disinterestedness of the Sale Professional.

  vi. To the extent the Debtor receives no written objection from any Notice Party within seven business days from the date of service of the Sale Notice, the Debtor is authorized to consummate such sale.

  vii. To the extent the Debtor timely receives a written objection from a Notice Party that cannot be consensually resolved, it shall not sell the subject De Minimis Assets without further Court order after notice and hearing unless such objection is withdrawn.

3. Any De Minimis Assets to be sold in any individual transaction or series of related transactions to a single buyer or group of related buyers other than an Insider for greater than $150,000 shall be separately requested by motion and shall not be consummated without further Court order.

4. Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon De Minimis Assets without further order of the Court in accordance with the following De Minimis Asset Abandonment Procedures:

---

[4] This information may be provided in summary form or by attaching the applicable agreement to the Sale Notice.

    a.    The Debtor shall file with the Court and serve written notice of the abandonment (the "Abandonment Notice") on the Notice Parties. Such service shall be by email, fax, or overnight mail.

    b.    The Abandonment Notice shall describe the De Minimis Assets proposed to be abandoned and the Debtors' reasons for abandoning them.

    c.    To the extent the Debtors receive no written objection from any Notice Party within seven business days from the date of service of the Sale Notice, the Debtors are authorized to abandon such De Minimis Assets; *provided*, *however*, that to the extent the Debtors propose to abandon personal property that may contain third-party personal and/or confidential information (the "Confidential Information"), the Debtors shall use reasonable efforts to remove such Confidential Information from such assets before abandonment or shall destroy such assets; and

    d.    To the extent the Debtor timely receives a written objection from a Notice Party that cannot be consensually resolved, it shall not abandon the subject De Minimis Assets without further Court order after notice and hearing unless such objection is withdrawn.

5. With respect to all sale transactions consummated pursuant to this Order, this Order is sufficient evidence of the transfer of title to any particular buyer, and the sale transactions consummated pursuant to this Order will be binding upon and will govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials.

6. The Debtors are authorized to pay those necessary fees and expenses incurred in connection with the sale or abandonment of De Minimis Assets, including commission fees to agents, brokers, auctioneers, and liquidators, subject to making the required disclosures in the Sale Notice as set forth above.

7. Beginning with the period ending on December 31, 2022, the Debtor shall, to the extent possible, file a report with the Court within ten (10) days after the end of each calendar month, listing all assets sold or transferred for the preceding month, including the names of the purchasing parties and the sale price for each such transaction. The Debtors' obligations to file such reports pursuant to this Order shall terminate thirty (30) days after confirmation of a chapter 11 plan. The Debtors shall have no obligation to file such a report for any particular month if no assets are sold or transferred for such month.

8. Nothing contained herein prejudices the rights of the Debtors to seek authorization for the sale of any asset under section 363 of the Bankruptcy Code.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: November 15th, 2022**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE